UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ROQUE "ROCKY" DE LA FUENTE,
BECKY HERDBERG,  JOSE E. HELENA,
and JOSE GILBERTO PEREZ,**
      Plaintiffs

v.                           C.A NO. _____

**BRIAN KEMP,
GEORGIA SECRETARY OF STATE**; and
**THE DEMOCRATIC PARTY OF GEORGIA,**
      Defendants

## C O M P L A I N T
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### JURISDICTION & VENUE

1. This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and for violation of the "Elections" Clause of Article I, Section 4, of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367 and 2201.

### PARTIES

3. Plaintiff Roque "Rocky" De La Fuente is a candidate for President of the United States, a registered democratic voter, an Hispanic, and has selected the Democratic Party as the political party with whom he chooses to seek the nomination for President by registering with the Federal Election Commission as a presidential candidate of the Democratic Party as of October 1, 2015.  Plaintiff Roque "Rocky" De a Fuente is a well known business owner and a resident of San Diego, California, who meets the presidential qualifications prescribed in Article

2, Section 1 of the United States Constitution in that he is a natural born citizen of the United States, has attained the age of 35, and has been for 40 years a resident within the United States.

4.  Plaintiff Becky Herdberg is a registered voter, who has voted in past primary elections and intends to vote in the Georgia Democratic Primary election to be held on March 1, 2016 and prefers to cast her ballot for Roque "Rocky" De La Fuente.

5. Plaintiffs Jose E. Helena and Jose Gilberto Perez are Hispanic, registered voters and intend to vote in the Georgia Democratic Primary election to be held on March 1, 2016 and prefer to have the right to cast their ballots for Roque "Rocky" De La Fuente if they so choose.

6. Defendant Brian Kemp is the Secretary of State of Georgia and is the supervisor and director of all election matters in Georgia.

7. The Secretary of State is responsible for implementing the state statutory scheme in question.

8. The Democratic Party of Georgia is the official representative entity of the Democratic National Committee in the State of Georgia ensuring compliance with the rules of the Democratic National Party regarding the delegate selection process for the 2016 Democratic National Convention.

## ELECTION STATUTES IN QUESTION

9. OCGA 21-2-190 et seq.  provides that the Democratic Party  "shall submit to the Secretary of State a list of the names of the candidates of such party to appear on the presidential preference primary ballot." and "not later than 60 days preceding the date on which a presidential primary is to be held."  OCGA 21-

2-193.

10. OCGA 21-2-199 provides that the Democratic Party "shall prescribe by state party charter, bylaws, or rules and regulations regarding qualifying of candidates and the fixing and qualifying fees, if any."

11. The Defendant Democratic Party of Georgia Executive Committee's decision in applying these statutes, particularly OCGA 21-2-193, constitutes state action.

## DEMOCRATIC PARTY RULES

12. The Democratic National Party provides for the eligibility of its Presidential Candidates in "The Call":

> The term "presidential candidate" herein shall mean any person who, as determined by the National Chairperson of the Democratic National Committee, has accrued delegates in the nominating process and plans to seek the nomination, has established substantial support for his or her nomination as the Democratic candidate for the Office of the President of the United States, is a bona fide Democrat whose record of public service, accomplishment, public writings and/or public statement affirmatively demonstrates that he or she is faithful to the interests, welfare and success of the Democratic Party of the United States, and will participate in the Convention in good faith.

Article VI. Presidential Candidates

13. The Georgia 2016 Delegate Selection Plan provides, in relevant part:

> A presidential candidate gains access to the Georgia presidential preference primary ballot by requesting that the Executive Committee of the Democratic Party of Georgia have the candidate's name placed on the ballot. The Executive Director of the Democratic Party of Georgia will reach out to all campaigns that meet the requirements of Rule 12.M and Article VI of the Call by October 1, 2015. The Executive Director will request from the campaign an official signed

letter from the campaign (either scanned or mailed) that indicates the candidate wishes to be placed on the Georgia ballot.  The Executive Committee will meet on October 29, 2015 and will select the names to be placed on the ballot and intends to include all widely recognized, legitimate candidates that meet the requirements of Rule 12.K and Article VI of the Call...

● Georgia does not impose filing and petition requirements, nor are there filing fees.  Deadlines prescribed by state law are set at the discretion of the secretary of State and have not yet been established; (Rule 1.A.7) and

● The Democratic Party does not impose filing and petition requirements or filing fees nor are there deadlines imposed by state party rules.  Candidates will need to submit a signed letter to the State Party that declares their desire to be placed on the ballot prior to October 29, 2015...

(Citing OCGA §21-2-193; Rule 11.B, Rule 14.A, Rule 14.B, Rule 14.D, Rule 14.E, & Rule 14.H)

Georgia 2016 Delegation Selection Plan, Section II, Presidential Candidates A. Ballot Access.

14.  The 2016 Delegate Selection Rules for the Democratic National Convention provides for the qualifications for presidential candidates under Rule 12.K  Presidential Preference:

1. Based on the right of the Democratic Party to freely assemble and to determine the criteria for its candidates, it is determined that all candidates for the Democratic nomination for President or Vice President shall:

a. be registered to vote in the last election for the office of President and Vice President; and

b. have demonstrated a commitment to the goals and objectives of the

-4-

Democratic Party as determined by the National Chair and will participate in the Convention in good faith.

## **CONSTITUTIONAL PROVISIONS**

15. Article I, Section 4, of the United States Constitution, commonly referred to as the "Elections Clause," provides, in relevant part:

The Times, Places, and Manner of holding Elections for Senators and representatives, shall be prescribed in each State by the Legislature thereof...

16. Article 4, Section 2, of the United States Constitution provides:

The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

17. The First Amendment provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably assemble, and to petition the government for a redress of grievances.

18. The Fourteenth Amendment provides, in relevant part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

-5-

19. The Defendant Democratic Party and its Executive Committee exercised unfettered discretion in applying state law and formulating its rules; resulting in a decision in this case was arbitrary and capricious. (Exs. A-C)

## <u>COUNT 1: DUE PROCESS</u>

20. Plaintiff Roque "Rocky" De La Fuente timely complied with all rules to have his name placed on the ballot. (Ex. A)

21. The decision of the Democratic Party's Executive Committee of the Democratic Party in denying to submit Plaintiff's name to the Georgia Secretary of State for inclusion on the Presidential ballot violates due process and was arbitrary and capricious and contrary to the party's own rules and the Georgia statutes as well as the United States Constitution. (Ex. B)

22. Plaintiff Roque "Rocky" De La Fuente moved for reconsideration but that was denied without explanation by Defendant Party. (Ex. C)

23. In its only written or recorded explanation of its decision, the Defendant Democratic Party's Executive Committee claimed its action was not state action and that the Committee had a "right" to "exclusively determine" which names to put on the ballot; admitting it acted in a totally arbitrary and capricious manner:

> Georgia law does not specify any criteria to be used in determining names to be placed on the non-binding Presidential Primary Ballot. (Ex. C, pg.1)

24. The list submitted by the Defendant Democratic Party to the Georgia Secretary of State included Hillary Clinton, Bernie Sanders, Martin O'Malley, Michael Steinberg, and Larry Lessig.

25.  Plaintiff Roque "Rocky" De La Fuente is on the Democratic Presidential ballots in twenty-five other states and territories.

26.  The Defendant violated Plaintiffs' rights under the Fourteenth Amendment by failing to include the name Roque "Rocky" De La Fuente on the list of candidates to be placed on the Georgia Presidential Primary Ballot for March 1, 2016.

27.  Plaintiff Roque "Rocky" De La Fuente  has been harmed by the decision of the Democratic Party of Georgia in that voters in Georgia will not be able to vote for the Plaintiff for President and Plaintiff will not be able to have delegates seated at the Democratic National Convention.

28. Plaintiff Becky Herdberg has been harmed in that she will not be able to exercise her right to vote for her candidate of preference for the Democratic nominee for President in violation of party rules, state law, Article I, Section 4 of the U. S. Constitution,  and the First and Fourteenth Amendments to the U.S. Constitution

29. The decision of the Executive Committee of the Democratic Party was arbitrary and capricious and their delegate selection plan was unconstitutionally vague depriving Plaintiffs of due process and that plan was implemented in a manner which deprived the Plaintiffs of due process; and that plan was implemented in a manner that deprived the Plaintiffs of due process.

30.  The decision of the Executive Committee of the Democratic Party of Georgia's not to place Plaintiff Roque "Rocky" De La Fuente on its presidential primary ballot acts as a de facto deprivation of access to the General Presidential election process because 47 states have enacted what are known as "Sore Loser Laws."  These laws prevent a losing candidate in a primary election from

subsequently filing to run as a listed candidate in the general election as the nominee of another party or as an independent candidate.   Plaintiff Roque "Rocky" De La Fuente has already been accepted on the ballot in twenty-five states and territories, he can longer run an effective Independent candidate campaign.  By denying Plaintiff access to its Presidential Primary, the Georgia Democratic Party has effectively precluded any resident of Georgia from voting for him altogether.

31. The Democratic Party of Georgia has a non-discretionary duty to prepare and approve a list of all recognized Democratic presidential Candidates, not just the ones they favor or choose; the process they employed is so vague and ambiguous that it deprives the Plaintiffs of due process.  The Georgia Democratic Party has deprived the large Hispanic population of Georgia a choice to vote for a non-Caucasian candidate.

## COUNT 2: DISCRIMINATION AND EQUAL PROTECTION

32.   In order to prevail on a §1983 claim the Plaintiffs must show that: (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.  The Defendants' refusal to include Plaintiff Roque "Rocky" De La Fuente on the list of approved presidential candidates has resulted in de facto discrimination against Plaintiffs on the basis of national origin and denied them equal protection of the laws.  Further, by excluding Plaintiff Roque "Rocky" De La Fuente from the Democratic Party Ballot the Defendants' action have resulted in de facto discrimination against all voters in Georgia who wish to vote for an Hispanic candidate.

33.  This discrimination violates 42 U.S.C. §200d et seq., known as Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment.

34. As referenced above, the candidates who have been included on the Georgia Democratic Party ballot are all Caucasian: Hillary Clinton, Bernie Sanders, Martin O'Malley, Michael Steinberg, and Larry Lessig.

35. In spite of Georgia's large Hispanic population, 9.3% according to the United States Census Bureau, by denying to place Plaintiff's name on the Georgia democratic ballot, the Executive Committee is denying Hispanic voters in Georgia the opportunity to vote for an Hispanic candidate.

36. The Georgia Democratic Party's Charter states that the party "shall afford all persons full, timely, and equal opportunities to participate without prejudice on the basis of gender, race, age, color, creed, national origin, religion, economic status, sexual orientation, ethnic identity, or physical disability."Article I, Section 2.2.

37. While the Defendant Executive Committee of the Democratic Party of Georgia is a private organization, and may, speaking through their rules, choose to define their associational rights by limiting who can participate in any process leading to the selection of their delegates to the National Convention, they may not refuse to allow ballot access to a state run presidential primary election arbitrarily, where such refusal results in discrimination against a candidate based on racial and national origin.

38. Although the First Amendment to the United States Constitution protects the right of association, there are limits on this freedom which derive, in part, from 42 U.S.C. §1981; further, when primaries become part of the machinery for choosing officials, state and national, as they have here, the same tests to

determine the character of discrimination or abridgment should be applied to the primary as are applied to the general election. <u>Smith v. Allwright</u>, 321 U.S. 649, 664, 64 S.Ct. 757, 765, 88 L.Ed. 987 (1944).

WHEREFORE,  Plaintiffs request that the Court enter judgment:

A. Declaring that the decision of the Executive Committee of the Democratic Party of Georgia in refusing to include Plaintiff's name on the list of approved candidates to appear on the Georgia Presidential Preference Primary on March 1, 2016, was arbitrary and capricious, contrary to law and violates 42 U.S.C. § 200d et seq.,  known as Title VI of the Civil Right Act of 1964;

B. Declaring that the Defendant Executive Committee of the Democratic Party of Georgia must submit Plaintiff's name on the Georgia Secretary of State as a party candidate for President on the 2016 primary ballot;

C. Declaring that Defendant Brian Kemp be directed to include the name of Plaintiff on the March 1, 2016 Presidential Preference Ballot;

D.  Declaring that the Democratic Party's decision and Georgia's statutory scheme unconstitutional (OCGA 21-2-199), on their face and as applied to Plaintiffs, in that they infringe upon the Plaintiffs' right to ballot access and their right to participate in the electoral process;

E.  Declaring that the Democratic Party scheme and Georgia's statutory scheme violates the Equal Protection Clause of the Fourteenth Amendment;

F. For any and all other injunctive relief, preliminarily and permanently, as is appropriate to remedy violations of Plaintiff's rights.

G. Granting Plaintiffs such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

H.  Award attorney fees and costs.

*S/ J.M. Raffauf*
J.M. Raffauf
Ga Bar # 591762
Attorney for Plaintiffs
248 Washington Avenue
Marietta GA 30060
Raffaufmike@gmail.com
404-452-6390

*S/ Jerry Wilson*
Ga. Bar # 768610
Attorney for Plaintiffs
P.O. Box 971
Redan GA 30074
Lawoffice1998@gmail.com
404-431-6262