Case No. 4:16cv26-RH/CAS

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROQUE "ROCKY" DE LA FUENTE GUERRA
et al.,

Plaintiffs,

v.                                          CASE NO. 4:16cv26-RH/CAS

DEMOCRATIC PARTY OF FLORIDA
and KEN DETZNER, Secretary of
State of Florida,

Defendants.
_____

ORDER DENYING WITHOUT PREJUDICE THE
MOTION FOR A PRELIMINARY INJUNCTION

      This is a ballot-access case. The State of Florida conducts a presidential primary for each major party. In accordance with Florida law, the Democratic Party of Florida has designated three candidates for inclusion on its 2016 presidential-primary ballot: Hillary Clinton, Martin O'Malley, and Bernie Sanders. The Secretary of State is going forward with that slate of candidates. The primary election date is March 15.

      The complaint in this action alleges that Roque "Rocky" De La Fuente Guerra is a candidate for the Democratic Party's nomination for President. The plaintiffs are Mr. De La Fuente and seven voters. The complaint alleges that Florida's method for determining who will be on the

1

party's primary ballot is unconstitutional. The complaint names two defendants: the Democratic Party of Florida and the Florida Secretary of State.

The plaintiffs have moved for a preliminary injunction compelling the Secretary of State to put Mr. De La Fuente on the Democratic primary ballot. As a prerequisite to a preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. See, e.g., Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1354 (11th Cir. 2005); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

Here the plaintiffs have failed to establish a substantial likelihood—or any likelihood at all—that they will prevail on the merits. And they have not established that a preliminary injunction would serve the public interest.

As the plaintiffs concede, a state may limit ballot access to avoid voter confusion. See, e.g., Lubin v. Panish, 415 U.S. 709, 715-16 (1974). When insubstantial candidates are added to a ballot, the rights of voters are compromised, not enhanced. Id. The plaintiffs have tendered no evidence that Mr. De La Fuente has any support at all beyond the seven voters who

2

are plaintiffs in this action. In the absence of evidence, the plaintiffs will not prevail.

To be sure, a party who moves for a preliminary injunction sometimes presents evidence at a hearing, not just in writing at the time of filing the motion. But a plaintiff should at least present enough evidence to warrant the scheduling of a hearing. The plaintiffs have not even done that. Moreover, the plaintiffs clearly do not intend to present evidence at a hearing; their position is that they are entitled to a preliminary injunction without any evidence at all. This is confirmed by their separate motion to schedule an expedited oral argument. The plaintiffs have not asked for an evidentiary hearing.

This order denies the motion for a preliminary injunction without prejudice. The plaintiffs may serve process and renew their motion for a preliminary injunction if they can tender evidence showing that Mr. De La Fuente is a substantial candidate for the Democratic nomination for President. But the Secretary of State will not be compelled to put an insubstantial candidate on the ballot. For purposes of this order, there is no need to address the dividing line between substantial and insubstantial candidates

For these reasons,

IT IS ORDERED:

1. The preliminary-injunction motion, ECF No. 3, is denied without prejudice.

2. The motion for an expedited oral argument, ECF No. 4, is denied as moot.

SO ORDERED on January 23, 2016.

s/Robert L. Hinkle

United States District Judge

Case 4:16-cv-00026-RH-CAS Document 7 Filed 01/23/16 Page 4 of 4

**Democratic Party of Georgia Exhibit 3**