IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROQUE "ROCKY" DE LA
FUENTE, BECKY HERDBERG,
JOSE E. HELENA, and JOSE
GILBERTO PEREZ,

 Plaintiffs,

v.

BRIAN KEMP, SECRETARY OF
STATE; and THE DEMOCRATIC
PARTY OF GEORGIA,

 Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:16-CV-00256-RWS

## ORDER

This case comes before the Court on Plaintiff's Motion for a Preliminary Injunction and Permanent Injunction [2]. For the reasons that follow, the relief requested is **DENIED**.

## Background

This is a ballot-access case, which arises out of Plaintiff Roque "Rocky" De La Fuente's efforts to be included on the Democratic Presidential Primary Ballot in Georgia.

The State of Georgia conducts a presidential primary for each major

political party. Plaintiff De La Fuentes wrote the Executive Director of Defendant the Democratic Party of Georgia (the "Party") requesting that he be included on the Democratic ballot for Georgia's Presidential Preference Primary. The Executive Committee of the Party, pursuant to O.C.G.A. § 21-2-193, submitted a list of names to be placed on the ballot to the Secretary of State, Defendant Brian Kemp. Plaintiff De La Fuente's name was not among them.

Plaintiff De La Fuentes asked the Party to reconsider its decision not to include him on the ballot. On November 18, 2015, the Party's counsel denied that request and informed Plaintiff De La Fuentes that he would not be included on the ballot.

Plaintiff De La Fuentes, along with the other named Plaintiffs who are voters who wish to vote for Mr. De La Fuentes, filed suit in this Court on January 28, 2016. Plaintiffs seek legal and equitable relief under 42 U.S.C. § 1983 for violations of their First and Fourteenth Amendment rights and for violations of the "Elections" Clause of the United States Constitution. (Compl., Dkt. [1].) Plaintiffs also move for Preliminary and Permanent Injunctions. (Pls.' Mot. for Prelim. & Perm. Inj., Dkt. [2].) The Court held a

hearing on February 4, 2016, to hear oral arguments on that Motion.

### Discussion

To obtain a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

The Court finds that Plaintiffs have not carried that burden here and, accordingly, injunctive relief is **DENIED**.

Plaintiffs' claims for relief are barred here by the equitable doctrine of laches. Laches requires three elements: "(1) there was a delay in asserting a right or a claim, (2) the delay was not excusable, and (3) the delay caused [a

3

defendant] undue prejudice." U.S. v. Barfield, 396 F.3d 1144, 1150 (11th Cir. 2005) (citing AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1545 (11th Cir. 1986)).

In this case, Plaintiffs waited over sixty days from the date Plaintiff De La Fuente knew he would not be included on the primary ballot to file the Complaint. Plaintiffs offer no explanation as to that delay. Georgia's election scheme requires that the Secretary of State's office transmit all absentee ballots to military and civilian overseas voters at least 45 days prior to the date of any election for federal office. United States v. Georgia, 778 F.3d 1202, 1203 (11th Cir. 2015). For the Presidential primary, which is scheduled for March 1, 2016, the Secretary of State was required to send out those ballots by no later than January 16, 2015. In addition, early voting begins on February 8, 2016–less than two weeks after Plaintiffs filed their Complaint.

These dates are a matter of public record. Plaintiffs were or should have been well-aware of the tight deadline under which they were operating. Here, the Court finds that their delay is inexcusable. The ballots have been printed. Voting has begun. The Court will not, on this record, disrupt an election that is already in progress.

4

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for a Preliminary and Permanent Injunction [2] is **DENIED**.

**SO ORDERED**, this ___4th___ day of February, 2016.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE