UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ROQUE "ROCKY" DE LA FUENTE,**
**BECKY HERDBERG,  JOSE E. HELENA,**
**and JOSE GILBERTO PEREZ,**
      Plaintiffs
v.                           C.A NO. <u>1:16-CV-00256-RWS</u>
**BRIAN KEMP,**
**GEORGIA SECRETARY OF STATE**; and
**THE DEMOCRATIC PARTY OF GEORGIA,**
      Defendants

## <u>MOTION FOR RECONSIDERATION</u>

Plaintiff hereby files this Motion For Reconsideration from the February 5, 2016 Order denying his Motion For a Temporary and Permanent Injunction on the grounds of laches. Plaintiffs filed this action for A Preliminary and Permanent Injunction seeking a determination that certain provisions of the Georgia Election Code, governing access to the Democratic Presidential Primary Ballot in Georgia set for March 1, 2016, are unduly burdensome, infringe upon constitutional rights, lack a compelling interest, and are, therefore, unconstitutional.

1. This motion is made pursuant to Rule 60(b), F.R.C.P. and Local Rule 7.2 (E) (N.D. Ga.).

2. Plaintiff shows that laches is not supported by the record nor the applicable law.

3. Defendants introduced no evidence concerning laches at the hearing on the motion.

4. "Courts should be more willing to entertain pre-election challenges and less willing to entertain post-election challenges, at least for those issues that could reasonably have been foreseen and raised before the election."  "Beyond the Margin of Litigation: Reforming U.S.

Electoral Administration to Avoid Electoral Meltdown."  Professor Rick Hasen, Loyola Law School, Legal Studies Paper No. 2005-7 (April, 2005) ssrn.com/abstract=698201, p. 991

5. "[P]re-election adjudication remains the only way to give an effective remedy to an aggrieved plaintiff." Id.

6. Plaintiffs have chosen the least disruptive path, choosing to waive any issues as to absentee ballots and early voting; but they insist that Roque "Rocky" De La Fuente be placed on the March 1, 2016 Presidential Primary Ballot.

7. Laches is a defense that involves two elements that a Defendant must prove: " (1) Lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282 (1961).

8. In this case Plaintiff's reconsideration to the Democratic Party was denied on or about November 18, 2015 without any explanation other than it was an exercise of unfettered discretion.

9. This case was timely filed on January 28, 2016.

Wherefore Plaintiff files this Motion For Reconsideration pursuant to Rule 60(b), F.R.C.P. P. and Local Rule 7.2 (E) (N.D. Ga.).

_S/J.M. Raffauf_
J.M. Raffauf
Ga Bar # 591762
Attorney for Plaintiffs
1575 Oakwood Drive
Roswell Ga 30075
404-452-6390
Raffaufmike@gmail.com

*/S/ JERRY WILSON*
Ga. Bar # 768610
Attorney for Plaintiffs
P.O. Box 971
Redan Ga. 30074
404-431-6262
Lawoffice1998@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Plaintiffs' Motion For Reconsideration of denial of a temporary and permanent injunction, via CM/ECF system, which will send notification of such filing to the following, and Plaintiff sent an additional copy by U.S. Mail:

Cristina Correia, AGA
Sam Olens, Attorney General of GA
132 State Judicial Bldg.
40 Capitol Square
Atlanta GA 30334
ccoreia@law.ga.gov

Michael Jablonski
Attorney for Georgia Democratic Party
501 Pulliam St, SW
Suite 400
Atlanta GA 30312
michael.jablonski@comcast.net

This the 8th day of February, 2016.

S/ J.M. RAFFAUF
J.M. Raffauf