UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE, BECKY HERDBERG, JOSE E. HELENA, and JOSE GILBERTO PEREZ, <br><br>    Plaintiffs,<br>v.<br><br>BRIAN KEMP, GEORGIA SECRETARY OF STATE; and THE DEMOCRATIC PARTY OF GEORGIA,<br><br>    Defendants. | Civil Action NO.<br><br>1:16-CV-00256-RWS |

### BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

COMES NOW the Plaintiffs, through their counsel of record, and file this Brief in Support of Motion for Reconsideration of the Court's Order denying the Plaintiffs' Motion for a Preliminary and Permanent Injunction. Doc. 2.

The Court found that the Plaintiffs' claims for relief are barred by the equitable doctrine of laches. Doc. 8. Laches is a defense that involves two elements that a Defendant must prove: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282 (1961). Here, the Defendants did not meet that burden. Defendants introduced no evidence concerning laches at the hearing on the motion.

"Courts should be more willing to entertain pre-election challenges and less willing to entertain post-election challenges, at least for those issues that could reasonably have been foreseen and raised before the election."  "Beyond the Margin of Litigation: Reforming U.S. Electoral Administration to Avoid Electoral Meltdown."  Professor Rick Hasen, Loyola Law School, Legal Studies Paper No. 2005-7 (April, 2005) ssrn.com/abstract=698201, p. 991.  "[P]re-election adjudication remains the only way to give an effective remedy to an aggrieved plaintiff." *Id.*

Plaintiffs have chosen the least disruptive path, choosing to waive any issues as to absentee ballots and early voting; but they insist that Roque "Rocky" De La Fuente be placed on the March 1, 2016 Presidential Primary Ballot.  The Defendants have offered no explanation as to why this cannot be done.

"A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time. Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." Preserve Endangered Areas of Cobb's History Inc., 916 F. Supp. 1557, (N.D. Ga. 1995).  This is such a case. See Local Rule 7.2 (E) (N.D. Ga.) (former 220-6).

/S/J.M. Raffauf
J.M. RAFFAUF
Ga Bar # 591762
Attorney for Plaintiffs
1575 Oakwood Drive
Roswell Ga 30075
404-452-6390
raffaufmike@gmail.com


/S/ Jerry Wilson
JERRY WILSON
Ga. Bar # 768610
Attorney for Plaintiffs
P.O. Box 971
Redan Ga. 30074
404-431-6262
lawoffice1998@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Plaintiffs' Brief in Support of Motion For Reconsideration of denial of a temporary and permanent injunction, via CM/ECF system, which will send notification of such filing to the following, and Plaintiff sent an additional copy by U.S. Mail:

Cristina Correia, AGA
Sam Olens, Attorney General of GA
132 State Judicial Bldg.
40 Capitol Square
Atlanta GA 30334
ccoreia@law.ga.gov

Michael Jablonski
Attorney for Georgia Democratic Party
501 Pulliam St, SW
Suite 400
Atlanta GA 30312
michael.jablonski@comcast.net

This the 9th day of February, 2016.

/S/ J.M. RAFFAUF
J.M. Raffauf