UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROQUE "ROCKY" DE LA FUENTE,
BECKY HERDBERG, JOSE E. HELENA, and
JOSE GILBERTO PEREZ

    Plaintiffs

v.                                             C.A. 1:16-CV – 00256-RWS

BRIAN KEMP, GEORGIA SECRETARY
OF STATE; and THE DEMOCRATIC
PARTY OF GEORGIA

    Defendants


RESPONSE OF DEMOCRATIC PARTY OF GEORGIA TO
PLAINTIFFS' REQUEST FOR RECONSIDERATION

Plaintiffs argue that it was improper for the Court to employ the equitable doctrine of laches because defendants did not satisfy the burden of proving lack of diligence by the plaintiffs and prejudice to the defendants. Plaintiffs placed into evidence sufficient evidence for the Court to conclude that they were dilatory in filing the action. Plaintiffs placed into evidence the email on behalf of the Democratic Party of Georgia denying Mr. De La

1

Fuente's renewed request that he be placed on the ballot.[1] The record shows that this action was filed 60 days later.

The record contains ample evidence of prejudice to the defendants. The Court noted in its order that the State of Georgia is under a federal court mandate to mail overseas ballots no later than 45 days before an election. *United States v. Georgia*, 778 F.3d 1202, 1203 (11th Cir. 2015). Plaintiffs complaint contains six references to the Presidential Preference Primary scheduled for March 1, 2016. (See, Plz. Complaint, Par. 4, 5; Prayer for Relief Par. A, C; Exh, B-1, C-2.) Overseas ballots therefore needed to be sent out no later than January 16, 2016.[2] The prejudice is obvious. Plaintiffs delay would have either put the State in jeopardy of violating the mandate of U.S. v. Georgia or would have forced the State to undertake the cost of running two elections - the Republican Presidential Preference Primary on March 1 and the Democratic at an unspecified later date.

The election is already underway as early voting began on February 8, 2016. Chris Harvey, the Director of Elections for the State Elections Division of the Office of Secretary of State, declared in an attachment filed

---

[1] The referenced email also appears as DPG Exhibit 3 to its Brief in Opposition to the Motion for Preliminary and Permanent Injunction.
[2] The order inadvertently says January 16, 2015.

2

with the State's opposition to injunction motion that the ballots needed to be completed by February 4, 2016.[3] The lawsuit was simply filed too late.

In *Germalic v. Bullock*, Civ. No. 12-1347-UNA (D. Del., 2012) Judge Andrews refused to add a name to the ballot in part because ballots had already been prepared and distributed:

> In addition, it is more likely than not that the mailing of absentee ballots has begun. Thus, Plaintiff filed his motion too late for this Court to grant injunctive relief without incurring a sizeable risk of substantial harm to the public by disruption of the electoral process. See *Williams v. Rhodes*, 393 U.S. 23, 34 (1968).[4]

Earlier, Judge Yeakel in Stockman v. Texas, Civ. No. 1:06-cv-742 (W.D. Texas, 2006) stated on the record at the hearing on a motion for injunction:

> I have concern about what we have referred to as the laches argument. I am bothered by the fact that we are here at a time when I am told that the clerks and elections directors must take action by Saturday to send the mail-out ballots to servicemen, when in fact the disagreement

---

[3] Defendant Brian Kemp's Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction and Permanent Injunction, Exhibit 1, Par. 8. See also Exhibit 2, Declaration of Michael Barnes, Par. 11.
[4] Slip op. can be found at
https://scholar.google.com/scholar_case?case=4124261498909942567&q=Germalic+v.+Bullock &hl=en&as_sdt=6,33&as_vis=1.

    between Mr. Stockman and the Secretary of State
    was apparently known as early as June the 22nd.[5]

  The Stockman case was later dismissed by District Judge Sparks on October 2, 2006 because injunctive relief would seriously disrupt the election.

  When an injunction is sought at a time too close to the scheduled date of election, then it is proper to deny relief under the laches doctrine when plaintiffs could have filed at an earlier, less disruptive point in the process. The Motion for Reconsideration should be denied.

/s/  Michael Jablonski
MICHAEL  JABLONSKI
Counsel for Democratic Party of Georgia
Georgia Bar No. 385850

501 Pulliam Street SW
Suite 400
Atlanta GA, 30312

404-290-2977
Fax: 815-846-0719

---

[5] Sept. 20, 2006, Transcript at 29-40. Quotation from Federal Judicial Center publication "Case Studies in Emergency Election" at http://www.fjc.gov/public/pdf.nsf/lookup/EE-TXW-1-06-cv-742-Stockman-20120919.pdf/$file/EE-TXW-1-06-cv-742-Stockman-20120919.pdf.

CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Democratic Party of Georgia's Response to Plaintiffs' Motion for Reconsideration was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2016, I electronically filed Democratic Party of Georgia's Response to Plaintiffs' Motion for Reconsideration using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

J. M. Raffauf
Office of J.M. Raffauf
248 Washington Ave.
Marietta, GA  30060

Jerry Wilson
P.O. Box 971
Redan GA 30074

Cristina Correia
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300

Josiah Heidt
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  NONE

5

This 9th day of February, 2016.

/s/ Michael Jablonski
Michael Jablonski  385850