**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ROQUE "ROCKY" DE LA FUENTE,** | * | |
| **BECKY HERDBERG, JOSE E.** | * | |
| **HELENA, and JOSE GILBERTO** | * | **CIVIL ACTION FILE** |
| **PEREZ,** | * | **NO. 1:16-CV-0256-RWS** |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **BRIAN KEMP, Georgia Secretary of** | * | |
| **State, and THE DEMOCRATIC** | * | |
| **PARTY OF GEORGIA** | * | |
| | * | |
| **Defendants.** | * | |

**DEFENDANT BRIAN KEMP'S BRIEF IN OPPOSITION
TO PLAINTIFFS'MOTION FOR RECONSIDERATION**

COMES NOW BRIAN KEMP, Georgia Secretary of State ("Kemp"), by and

through his attorney of record, the Attorney General of the State of Georgia, and files

this Brief in Opposition to Plaintiffs' Motion Reconsideration of this Court's Order

denying Plaintiffs' Motion for Preliminary Injunction.  Doc. 8.

"Generally, a motion for reconsideration should not be used to reiterate

arguments that have been made previously, but such a motion should be reserved for

extraordinary circumstances, such as the discovery of new evidence, an intervening

development or change in the law, or the need to correct a clear error or prevent a

manifest injustice." *Adler v. Wallace Computer Servs.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001).  "Under the Local Rules of this Court, 'motions for reconsideration shall not be filed as a matter of routine practice,' but rather, only when 'absolutely necessary.' LR 7.2(E), NDGa. Such absolute necessity arises where there is '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'"  *Coca-Cola Co. v. Pepsi-Cola Co.*, 500 F. Supp. 2d 1364, 1367 (N.D. Ga. Aug. 9, 2007) (quoting *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-1259 (N.D. Ga. 2003)).  Here, Defendant respectfully submits that reconsideration is not appropriate because Plaintiffs' motion presents no new arguments or evidence and fails to point to any clear error of law or fact.

Plaintiffs assert only that "Defendants introduced no evidence concerning laches at the hearing on the motion."  Doc. 10-1 at 1.  Plaintiffs simply ignore the affidavit testimony submitted with Defendant Kemp's Response to Plaintiffs' Motion for Preliminary Injunction.  *See* Docs. 5-1 and 5-2.  Chris Harvey, the Director of Elections for the State Elections Division of the Office of the Secretary of State, testified that in advance of the election, separate ballots are prepared for each of Georgia's 159 counties.  Harvey testified that election ballots have already been mailed to electors, including military personnel, and that absentee votes have been

2

cast.  Harvey testified further that advance voting began on Feb. 8, 2016.  Doc. 5-1 ¶¶ 4-8.  Michael Barnes, the Director of the Center for Election Systems at Kennesaw State University, also testified by affidavit.  Barnes testified that absentee ballots are sent to the individual county election officials between forty-five (45) and forty-nine (49) days prior to the election.  Doc. 5-2 ¶ 7.  Barnes testified further that the "process for preparing, proofing and transmitting ballots to each county takes approximately fifteen business days."  Doc. 5-2 ¶ 8.  This process began before *more* than sixty (60) days prior to the election.  *Id.*  Barnes testified further that all DRE machines are required to be tested at least three days prior to advance voting.  Doc. 5-2 ¶ 11.  Plaintiffs did not challenge any of this testimony.  This testimony clearly established that Defendant Kemp would be prejudiced by any injunction.

As Defendant Kemp argued in his brief in opposition to Plaintiffs' motion for preliminary injunction, Plaintiffs waited ten (10) weeks *after* the Democratic Party denied their request for reconsideration and *after* absentee voting began to seek the extraordinary measure of a preliminary injunction.  Plaintiffs have offered no explanation for the delay.  Instead, they simply assert that Defendants "have offered no explanation as to why" they cannot add De La Fuente's name to the March 1, 2016 ballot.  Doc. 10-1 at 2.  As the testimony of Chris Harvey and Michael Barnes make clear, ballots have already been printed.  Requiring elections officials to reprint

3

ballots, after the start of an election, is obviously prejudicial to Defendants.

Moreover, Plaintiffs are not entitled to injunctive relief because they have not demonstrated 1) a substantial likelihood of success on the merits; 2) irreparable injury; 3) that their threatened injury outweighs the damages to Defendants; and 4) that if issued, the injunction would not be adverse to the public interest. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988); *Levi Strauss and Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982 (11th Cir. 1995).  Plaintiffs had the burden of establishing their entitlement to a preliminary injunction.  *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009). This Court properly denied Plaintiffs' motion as plaintiffs did not demonstrate any of the elements necessary to support their request for this extraordinary remedy.

## CONCLUSION

For the reasons stated above, as well as the reasons addressed in Defendant's Response to Plaintiffs' Motion for Preliminary Injunction, Defendant Kemp prays that this Court denies Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

DENNIS R. DUNN           234098
Deputy Attorney General

RUSSELL D. WILLARD   760280
Senior Assistant Attorney General
rwillard@law.ga.gov

/s/Julia B. Anderson
_____
JULIA B. ANDERSON        017560
Senior Assistant Attorney General
janderson@law.ga.gov

/s/Cristina Correia
_____
CRISTINA CORREIA         188620
Assistant Attorney General
ccorreia@law.ga.gov

/s/Josiah Heidt
_____
JOSIAH HEIDT             104183
Assistant Attorney General
jheidt@law.ga.gov

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 656-7063

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendant's Response to Plaintiffs' Motion for Reconsideration was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## Certificate of Service

I hereby certify that on February 10, 2016, I electronically filed Defendant

Brian Kemp's Brief in Opposition to Plaintiffs' Motion for Reconsideration using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorneys of record:

J. M. Raffauf
Office of J.M. Raffauf
248 Washington Ave.
Marietta, GA  30060

Jerry Wilson
P.O. Box 971
Redan , GA  30074

I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participants:  NONE

This 10th day of February, 2016.

/s/Cristina Correia
Cristina Correia          188620
Assistant Attorney General