**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROQUE "ROCKY" DE LA FUENTE, BECKY HERDBERG, JOSE E. HELENA, and JOSE GILBERTO PEREZ, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 1:16-CV-00256-RWS |
| BRIAN KEMP, SECRETARY OF STATE; and THE DEMOCRATIC PARTY OF GEORGIA, | : : : : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Plaintiffs' Motion for

Reconsideration [10]. For the reasons that follow, that motion is **DENIED**.

### Background[1]

This is a ballot-access case, which arises out of Plaintiff Roque "Rocky"

De La Fuente's efforts to be included on the Democratic Presidential Primary

Ballot in Georgia.

---

[1] The Court recites the facts from its February 5, 2016 Order denying Plaintiff's Motion for a Temporary and Permanent Injunction.

The State of Georgia conducts a presidential primary for each major political party. Plaintiff De La Fuente wrote the Executive Director of Defendant the Democratic Party of Georgia (the "Party") requesting that he be included on the Democratic ballot for Georgia's Presidential Preference Primary. The Executive Committee of the Party, pursuant to O.C.G.A. § 21-2-193, submitted a list of names to be placed on the ballot to the Secretary of State, Defendant Brian Kemp. Plaintiff De La Fuente's name was not among those submitted.

Plaintiff De La Fuente asked the Party to reconsider its decision not to include him on the ballot. On November 18, 2015, the Party's counsel denied that request and informed Plaintiff De La Fuente that he would not be included on the ballot.

Plaintiff De La Fuente, along with the other named Plaintiffs who are voters who wish to vote for Mr. De La Fuente, filed suit in this Court on January 28, 2016, seeking legal and equitable relief under 42 U.S.C. § 1983 for violations of their First and Fourteenth Amendment rights and for violations of the "Elections" Clause of the United States Constitution. (Compl., Dkt. [1].) Plaintiffs also moved for Preliminary and Permanent Injunctions. (Pls.' Mot.

2

for Prelim. & Perm. Inj., Dkt. [2].) The Court held a hearing on February 4,

2016, to hear oral arguments on that Motion. Holding that Plaintiffs' claims

were barred by the equitable doctrine of laches, the Court denied Plaintiffs'

Motion in an Order that same day. (Feb. 4 Order, Dkt. [8].) Plaintiffs now

move for reconsideration of that Order. (Pls.' Mot. for Recons., Dkt. [10].)

Plaintiffs have also appealed this Court's decision to the Eleventh Circuit Court

of Appeals. (Notice of Appeal, Dkt. [13].)

**Discussion**

Under the Local Rules of this Court, "[m]otions for reconsideration shall

not be filed as a matter of routine practice[,]" but rather, only when "absolutely

necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is

"(1) newly discovered evidence; (2) an intervening development or change in

controlling law; or (3) a need to correct a clear error of law or fact." Bryan v.

Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for

reconsideration may not be used "to present the court with arguments already

heard and dismissed or to repackage familiar arguments to test whether the

court will change its mind." Id. at 1259. Nor may it be used "to offer new

legal theories or evidence that could have been presented in conjunction with

3

the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Here, while Plaintiffs assert that this case is one of those rare cases that will warrant reconsideration, they fail to assert which of the specific, limited situations contemplated in Bryan applies here. (See Pls.' Br. in Supp. of Mot. for Recons., Dkt. [10-1] at 2.) Rather, Plaintiffs assert that Defendants did not meet their burden of proof on the defense of laches. Plaintiffs claim that "Defendants introduced no evidence concerning laches at the hearing on the motion." (Id. at 1.)

This bald assertion does not provide a proper basis for reconsideration. And even if it did, the Court finds that the controlling statutes and case law dictate a finding that Defendants would suffer prejudice if Plaintiffs' claim for injunctive relief was allowed to go forward. While the parties did not formally

4

present evidence at the February 4 hearing, the Court took judicial notice of the statutory and regulatory provisions that certain things be done a certain number of days before the primary election. (See Tr. of Feb. 4 Hr'g, Dkt. [19] at 15.) For example, the State of Georgia is required to mail overseas ballots no later than 45 days before an election. United States v. Georgia, 778 F.3d 1202, 1203 (11th Cir. 2015). For the Presidential Preference Primary scheduled for March 1, 2016, the State was required to mail those ballots no later than January 16, 2016.[2] (See Feb. 4 Order, Dkt. [8] at 4.)

In its February 4 Order, the Court noted that early voting would begin on February 8, 2016. Early voting has now ended, and in fact, the Presidential Preference Primary has taken place. Accordingly, even without Defendants producing evidence of prejudice, the Court itself can take notice of Plaintiffs' delay.

The Court notes that its February 4 Order makes no findings as to the merits of Plaintiffs' claims. Instead, it simply denies injunctive relief. Preliminary injunctive relief is itself "an extraordinary and drastic remedy"

---

[2] The Court's February 4 Order mistakenly stated that date as January 16, *2015*.

5

granted only where the movant "clearly carries the burden of persuasion." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (internal citation omitted). Ultimately, the burden was on *Plaintiffs* to show that they were entitled to this exceptional relief. Plaintiffs did not meet that burden.

In the hearing on February 4, 2016, the Court noted that these issues are incredibly important–and time sensitive. Accordingly, the Court set that hearing with short notice to the parties. (See Tr. of Feb. 4 Hr'g, Dkt. [19] at 17.) The Court enters this Order directly following the Motion for Reconsideration's submission to the Court. Given the importance of the issues at play in this case, the Court would have expected the same sense of urgency from Plaintiffs. That urgency is missing here, and the Court finds no ground to reconsider its earlier Order denying Plaintiffs' relief on the basis of laches.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration [10] is **DENIED**.

6

**SO ORDERED**, this _7th_ day of March, 2016.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7