UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROQUE "ROCKY" DE LA FUENTE,
BECKY HERDBERG, JOSE E. HELENA, and
JOSE GILBERTO PEREZ

    Plaintiffs

v.                                                                  C.A. 1:16-CV-00256-RWS

BRIAN KEMP, GEORGIA SECRETARY
OF STATE; and THE DEMOCRATIC
PARTY OF GEORGIA

    Defendants

_____

**DEMOCRATIC PARTY OF GEORGIA BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS**
_____

Comes now the Democratic Party of Georgia and files this brief in support of its motion to dismiss.

### STATEMENT OF FACTS

Plaintiff De La Fuente notified the DPG on October 23, 2015 that he wished to participate in the Presidential Preference Primary. (Doc. 1-1, 1). The DPG Executive Committee met on October 29, 2015 to select

1

candidates that it would ask the Secretary of State to place on its ballot. (Doc. 1-1, 2). Mr. De La Fuente was not among the candidates selected. The Presidential Preference Primary took place as scheduled on March 1, 2016. Plaintiffs did not challenge the result or certification of results.

Plaintiffs filed suit on January 28, 2016 – ten weeks after candidate selection - challenging the DPG decision naming candidates to its Presidential Preference Primary ballot as well as the actions of the Secretary of State in creating the ballot and administering the primary.

This Court denied Plaintiffs' motion for preliminary and permanent injunction on February 5, 2016. Plaintiffs' motion for reconsideration was denied on March 7, 2016. Plaintiffs' filed an appeal to the Eleventh Circuit which was dismissed on April 1, 2016 after all parties agreed in a motion that the issues raised in the appeal had been mooted by the successful completion of the primary.

## ARGUMENT

Plaintiffs must first overcome the fact that claims specifically related to the March 1 preference primary are now moot. Although the complaint is rambling and disorganized, it appears that they try to make the following claims: First, an allegation under 42 U.S.C. §1983 that the statute

authorizing political parties to hold preference primaries is unconstitutional under the First and Fourteenth Amendment. Second, an allegation that the DPG decision leaving him off of the ballot was motivated by race. Third, an allegation that they are entitled to relief under the Election Clause.

### Standard

Dismissal for failure to state a claim is appropriate when Plaintiffs do not set forth claims sufficient to authorize relief. Fed. R. Civ. P. 12(b)(6). Although Plaintiffs are entitled to have factual allegations accepted as true for purpose of the motion, the evidentiary directive does not apply to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Nor does it apply to factual suppositions asserted in the complaint because "unwarranted deductions of fact in a complaint are not admitted as true for purposes of testing the sufficiency of a plaintiff's allegations." *Sinaltrainal v. The Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir., 2009). The complaint in this matter consists almost entirely of legal conclusions and hypothesized inferences. In other words, the complaint cannot be founded on speculation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-556 (2007).

**Plaintiffs' §1983 Claims**

A claim under 42 U.S.C. §1983 must show both conduct that deprives the complainant of rights, privileges, or immunities secured by the federal constitution or federal law and that the conduct constituted state action. *Flagg Brothers v. Brooks*, 436 U.S. 149 (1978); *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir., 1992). Here, there was neither state action nor a constitutional violation.

The sole alleged act of the DPG was the naming of the candidates that it wanted on its preference primary ballot. The naming of these candidates does not constitute state action. No one is elected, nominated, chosen, or placed on the ballot as a result of the preference primary. Its purpose is to provide information used to apportion the selection of delegates by Congressional District caucuses. Each party's executive committee provides names to be placed on the preference ballot. O.C.G.A. § 21-2-193. The State plays no role in the selection of candidates, nor does the selection of candidates for the preference primary benefit the state. The preference primary does not do anything that can be considered state action. See, *Duke v. Smith*, 13 F.3d 388, 391 n.3 (11th Cir., 1994), *cert. denied* 513 U.S. 867 (1994). Since the naming of candidates is not made under color of state law

then the act of naming candidates is not actionable under 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

No one has a right to appear on the preference party ballot. Plaintiffs' complaint never identifies a right that has been impaired. It is well-settled that a political party has a First Amendment right to choose people with whom it wishes to associate and it may limit that association to just those people. *Democratic Party of the U.S. v. Wisconsin*, 450 U.S. 107 (1981); *Duke v. Cleland*, 87 F.3d 1399 (11th Cir., 1993); *Duke v. Cleland,* 954 F.2d 1526 (11th Cir., 1992). Plaintiffs admit in their complaint that "Defendant Executive Committee of the Democratic Party of Georgia is a private organization, and may, speaking through their rules, choose to define their associational rights by limiting who can participate in any process leading to the selection of their delegates to the National Convention" (Par. 37) and that "the First Amendment to the United States Constitution protects the right of association" (Par. 38) but provide no factual or legal basis for abrogating these rights.

While Mr. De La Fuente may arguably have a right to run for president, he does not have a right to do so as a Democrat. The decision of the DPG does not impair his ability to offer himself as a candidate for the presidency. He may run as an independent. He may start his own party. He

may even solicit support from uncommitted Democratic Party delegates or from other delegates if released from their commitments pursuant to the Rules of the Convention. He does not have a right to be on the preference primary ballot. See, *Democratic Party of the U.S. v. Wisconsin*, 450 U.S. 107 (1981); *Duke v. Cleland*, 87 F.3d 1399 (11th Cir., 1993).

The DPG has an interest in regulating the number of candidates on the preference primary ballot in order to limit the possibility of confusion. *Bullock v. Carter*, 405 U.S. 134 (1972). 228 individuals registered with the Federal Election Commission as potential Democratic presidential candidates. It is incumbent on political parties to choose serious candidates. "When insubstantial candidates are added to a ballot, the rights of voters are compromised, not enhanced." *De La Fuente v. Democratic Party of Florida*, slip op. CA No. 4:16cv26-RH/CAS (N.D. Fla. 2016); *Lubin v. Panish*, 415 U.S. 709, 715-716 (1974).

Finally, Plaintiffs' allege that O.C.G.A. § 21-9-199 is unconstitutional. The attack on this statute illustrates why it is important for a complaint to allege facts demonstrating entitlement to relief as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). O.C.G.A. § 21-9-199 has nothing to do with any claim made by Plaintiffs. The statute authorizes a political party to include choices for its state committee or its officers (such as chairs, vice-

6

chairs, treasurer, etc.) on the same ballot as the preference primary. DPG has never used the Presidential Preference Party to select committee members or officers, nor would Mr. De La Fuente, a citizen of California, be eligible to hold any of these positions in the Georgia party.

Plaintiffs' §1983 allegations should be dismissed for failure to state a claim.

### Plaintiffs' Discrimination Claims

Plaintiffs' allege a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., in paragraph 33 of the complaint. The cited provision applies only to entities that voluntarily accept federal funds. See, e.g. *Barnes v. Gorman*, 536 U.S. 181, 186–87 (2002); *Guardians Association v. Civil Service Commission*, 463 U.S. 582, 599 (1983). Plaintiffs do not allege that DPG accepts federal money that would make the statute applicable.

Plaintiffs further claim that DPG actions violate the Equal Protection Clause. They do not allege intentional discrimination. Intent to discriminate is an essential element of an Equal Protection claim. *Batson v. Kentucky*, 476 U.S. 79 (1986). The failure to allege any facts that reasonably lead to the

conclusion that there was intent to discriminate is fatal to the claim. See, *Massachusetts v. Feeney*, 442 U.S. 256 (1979).

### Plaintiffs' Election Clause Claims

The complaint states that the action is brought, in part, "for violation of the 'Elections' Clause of Article I, Section 4, of the United States Constitution." Complaint, par. 1; see also par. 15. The complaint does not state how the Elections Clause applies to this case. The clause, by its specific terms, governs Congressional elections. *Arizona v. InterTribal Council of Arizona*, 133 S.Ct. 2247 (2013).

### CONCLUSION

Plaintiffs' complaint does not allege claims that would authorize relief. The complaint does not allege adequate facts showing the possibility of violations of legal standards. It should be dismissed.

Respectfully submitted,

/s/ Michael Jablonski
MICHAEL  JABLONSKI
Counsel for Democratic Party of Georgia
Georgia Bar No. 385850

501 Pulliam Street SW
Suite 400

Atlanta GA, 30312

404-290-2977
Fax: 815-846-0719

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is presented in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2016, I electronically filed the DEMOCRATIC PARTY OF GEORGIA BRIEF IN SUPPORT OF ITS MOTION TO DISMISS using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

J. M. Raffauf
Office of J.M. Raffauf
248 Washington Ave.
Marietta, GA 30060

Jerry Wilson
P.O. Box 971
Redan , GA 30074

Cristina Correia
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Josiah Heidt
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE

This 20th day of April, 2016.

/s/ Michael Jablonski
MICHAEL JABLONSKI
385850